ABRAHAMS v. KOCH.

(Supreme Court, Appellate Term. May 5, 1904.)

1. PHYSICIAN'S SERVICES—ACTION FOR COMPENSATION—SUFFICIENCY OF EVIDENCE.

In an action for physician's services, a verdict in favor of plaintiff *held* contrary to the weight of evidence.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Robert Abrahams against Louis Koch. From a Municipal Court judgment in favor of plaintiff, and from an order amending the judgment, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Siegel & Louis, for appellant.

George H. Epstein, for respondent.

PER CURIAM. The claim of plaintiff, a physician, is for professional services alleged to have been rendered the defendant's wife in the fall of 1898. The plaintiff testified positively that these services were rendered at the defendant's residence, either at Orchard or Ludlow street. The defendant and his wife emphatically deny that the plaintiff rendered the services in suit, and assert that in 1898 they neither lived in Orchard nor Ludlow street, but that since the latter part of 1898, and up to the present time, they lived continuously in East Broadway. Defendant admits that he lived at Orchard street between 1895 and 1897, and that the defendant rendered services as physician during that period, for which he was paid, and plaintiff concedes that he was paid for the services then rendered. The defendant's testimony as to his place of residence is corroborated by his son-in-law, and by documentary proof in the shape of a policy of fire insurance with renewals, which unquestionably establish that plaintiff moved from Orchard street in November, 1897, to East Broadway, where he has

ever since insured. The plaintiff is uncorroborated by any witness or circumstance, and, although he admitted that he kept a book showing a record of his visits, he failed to produce the book at the trial. Upon cross-examination he contradicted himself by first asserting that the record would show the place where the visits were made, and then later stating that it would not. As the plaintiff is an interested witness, and is uncorroborated, and the defendant's testimony upon a material fact is supported by other witnesses and by records, the judgment is against the weight of evidence, and should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.